IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
06 MAR 31 AM 9:06
CLERK-ALBUQUERQUE

IN RE THE APPLICATION OF:
JOHN NAVANI,

    Petitioner,

and

BINA SHAHANI,                                    CIV-06-0191 JH LFG

    Respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### INTRODUCTION

On March 14, 2006, this petition was filed by Petitioner John Navani pursuant to the Convention on Civil Aspects of International Child Abduction, done at the Hague on 25 October 1980 ("Hague Convention"), and the International Child Abduction Remedies Act, 42 U.S.C. section 11601 et seq. ("ICARA"), relative to the custody of his minor son, Jivan Navani.

On March 22, 2006, the Court held a hearing concerning the proper jurisdiction, the British or United States court, for determination of the custody of the minor child. Having reviewed the evidence, including the testimony of Petitioner and Respondent, the Court will grant the petition in consonance with the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Petitioner, John Navani, is a citizen of Great Britain. Petitioner married Respondent Bina Shahani in London, England, on December 14, 1995. The parties resided in London, England, throughout the duration of the marriage, and their marriage produced one minor child, Jivan

13

Navani, age 9, born August 4, 1996.

The parties divorced on February 16, 2004, in the Principal Registry of the Family Division, Case No. FD00D114454, London, England. The resolution of the property issues were heard before District Judge Cushing on July 23, 2004.

The minor child resided in London, England, from his birth until August 17, 2004, the date on which Respondent removed him to the United States.

In 1997, Respondent took the child to Pakistan for a period of four months, during which period the father had no contact with the child or Respondent. In December 2002, Respondent indicated to Jivan's school teacher her intent to move with the child to Pakistan.

In light of Respondent's stated intent to move to Pakistan, a hearing was held and court orders were issued on December 20, 2002 and January 6, 2003. The order issued on December 20, 2002 provided:

> The Respondent Bina Prem Navani (formerly Shahani) must not remove the child Jivan John Kishin Mohan Deepak Ishwar Navani from England and Wales. (Paragraph 1 of December 20, 2002 Order);
>
> A Penal notice addressed to Bina Prem Navani (also known as Bina Shahani) be attached to paragraph 1 of this order. (Paragraph 4 of December 20, 2002 Order);
>
> The Respondent do forthwith upon service of this order upon her deliver up the child's British passport to the Applicant's solicitors to be held by them to the order of the Court. (Paragraph 5 of May 19, 2004 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England); and
>
> The Respondent may not apply for any alternative travel documents in respect of the child pending the hearing on the 6th January 2003. (Paragraph 6 of May 19, 2004 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England);

The order entered on January 6, 2003 stated:

> The Respondent Bina Prem Navani (formerly Bina Shahani) must not remove the child Jivan John Kishin Mohan Deepak Ishwar Navani a boy born 04/08/96 from England and Wales without the consent of the court. (Paragraph 1 of January 3, 2003 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England);
>
> The Respondent Bina Prem Navani must immediately on service of this order on her delivery up the child's British Passport to the Applicant's Solicitors Chatterjee and Pali, 1st Floor 14-16 Mitcham Road, Tooting Broadway London SW17 9NA to be held by them to the order of the court. (Paragraph 2 of January 3, 2003 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England); and
>
> The Respondent Bina Prem Navani must not apply for any alternative travel documents in respect to the child without the consent of the court. (Paragraph 3 of January 3, 2003 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England).

A final custody order was entered by Justice Hedley in the Principal Registry of the Family Division, Case No. FD00D114454, London, England on May 19, 2004. It prohibited the parties from removing the child from England and Wales. That Court Order states, in relevant parts:

> The mother Bina SHAHANI and the father John NAVANI are prohibited from removing the child Jivan NAVANI from the jurisdiction of the Court, namely, England and Wales, without written consent of the other or order of the court. (Paragraph 3 of May 19, 2004 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England);
>
> The child Jivan Navani shall not be removed from Rosemary Works School without the written consent of the father John Navani or order of the court. (Paragraph 4 of May 19, 2004 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England);
>
> The father John Navani shall have contact with the child Jivan Navani as follows:
> (i) during school terms, on alternate weekends, staying contact from the end of the school day on Friday to the start of the school day on Monday
> (ii) half of each school holiday, including school half-terms, in the absence

of agreement for the first half of each holiday, where the first half if half term does not fall on a term time contact weekend, the holiday arrangement shall prevail if there is a conflict....(Paragraph 5 of May 19, 2004 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England);

Every further application concerning the child Jivan Navani shall be heard by Mr. Justice Hedley (save an emergency out of hours application made in relation to actual or threatened child abduction). (Paragraph 6 of May 19, 2004 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England);

and

All previous orders concerning the child Jivan Navani are hereby discharged save paragraph 3 of the order of District Judge Million dated 6th January 2003, in so far as the mother is prohibited from applying for any fresh documents of identity for travel purposes for the child Jivan Navani. (Paragraph 7 of May 19, 2004 Order, In the Principal Registry of the Family Division, Case No. FD00D11445 London, England).

On August 16, 2004, Respondent made a written request to Petitioner requesting consent to release the child's passport for the sole purpose of a vacation to the United States from August 17, 2004, through September 8, 2004. That day, Petitioner issued a letter to his solicitor allowing the release of Jivan Navani's passport for the sole purpose of traveling to the United States for vacation from August 17, 2004, through September 6, 2004. Respondent provided an itinerary to Petitioner showing that the child would return to the United Kingdom on September 6, 2004.

When Respondent did not return as expected on September 6, 2004, Petitioner immediately contacted the Central Authority in England to seek assistance in locating Jivan Navani. Petitioner submitted a Hague Convention Application with the Child Abduction Unit, Department for Constitutional Affairs, the Central Authority for England and Wales on September 13, 2004. Because the Department of State could not locate the child, Petitioner also sought the assistance of the Metropolitan Police of London.

Prior to the initiation of litigation, Petitioner had not seen the child since August 16, 2004, and Petitioner had only communicated with the child twice since August 16, 2004, the last communication being August 31, 2004.

The child has been enrolled in two different schools in Santa Fe, and the child has resided in at least two different homes in Santa Fe. At present, Respondent and the child reside in a rented house with another woman and her child. Respondent has identified this woman as her cousin.

Respondent is remarried to a man with whom she does not live. Respondent stated at the hearing that she is planning to dissolve her current marriage so that she can marry another man.

## CONCLUSIONS OF LAW

The Hague Convention was created to protect children internationally from the harmful effects of a wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence. Hague Convention, Preamble, 51 Fed.Reg. 10498. Under Article 16 of the Hague Convention, this Court does not have the authority to decide the merits of an underlying custody claim. The purpose of the Hague Convention is to ensure that custody decisions are made under the laws of the country of the child's habitual residence. See Friedrich v. Friedrich, 983 F.2d 1396, 1400 (1993).

Pursuant to the Hague Convention, Petitioner has the burden to prove that the child's retention in the United States is wrongful. 42 U.S.C. Section 11603(e)(1). Petitioner must establish by a preponderance of the evidence that 1) the retention caused a breach of his custodial rights pursuant to the law of the country of the child's habitual residence, and 2) at the time of the retention those rights were actually exercised. Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, art. 3, 51 Fed. Reg. 10503, (1986).

The Court finds that Petitioner has established these two requirements. Jivan Navani resided in London, England, for his eight (8) years of life prior to his mother bringing him to the United States, and therefore, the child's habitual residence was England prior to his retention in New Mexico.

Petitioner was granted custody rights of Jivan Navani pursuant to the May 19, 2004, Order entered in the Principal Registry of the Family Division, Case No. FD00D114454, London, England, and therefore, the retention of Jivan Navani in the United States caused a breach of Petitioner's custodial rights. Petitioner, who spent considerable periods of time with the child prior to his removal from England, was actually exercising his custody rights at the time Jivan Navani was wrongfully retained in New Mexico. Respondent's August 16, 2004 letter requesting Petitioner's consent for her vacation with the child coupled with Petitioner's written response granting consent underscore that the father was actually exercising custody in accordance with the May 19, 2004 Order.

Because Petitioner was granted custody rights pursuant to the May 19, 2004, and because he was actually exercising those rights at the time of the child's retention in the United States, the child's retention in the United States by Respondent is wrongful. 42 U.S.C. Section 11603(e)(1).

Once Petitioner has established that the child's retention in the United States is wrongful, Respondent has the burden to establish the following defenses:

1. by clear and convincing evidence that there is a grave risk that the return of the child would expose the child to physical or psychological harm. Hague Convention Article 13(b); 42 U.S.C. Section 11603(e)(2)(A);

2. by clear and convincing evidence that the return of the child would not be permitted by the fundamental principals of the requested State relating to the protection of human rights and fundamental freedom. Hague Convention, Article 20; 42 U.S.C. Section 11603(e)(2)(A);

  3. by a preponderance of the evidence that the proceeding was commenced more than one year after the abduction and the child became settled in its new environment and the child is now settled in its new environment. Hague Convention, Article 12, 42 U.S.C. Section 11603(e)(2)(B);

  4. by a preponderance of the evidence that Petitioner was not actually exercising custody rights at the time of the retention, or had consented to or subsequently acquiesced in the removal or retention. Hague Convention Article 13(a); 42 U.S.C. Section 11603(e)(2)(B).

A court applying the Hague Convention should apply these exceptions narrowly. Rydder v. Rydder, 49 F.3d 369, 372 (1995). In this case, Respondent has failed to sustain her burden of proof by a preponderance of the evidence that the child is now settled in Santa Fe, New Mexico pursuant to 42 U.S.C. Section 11603(e)(2)(B). In Wojcik v. Wojcik, 959 F.Supp. 413, 421 (E.D.Mich. 1997), the court held that the "settled in their environment" exception applied where the children of a French father petitioned for custody of his children living with their mother in the United States. In that instance, during an approximately 19 month period, the children had attended the same school or daycare, maintained close connections to maternal family members living in the area where they resided with their mother, had lost their ties to the paternal family in France, and had adopted English as their spoken language. In addition, the mother had informed the father of the children's location in the United States, and of her intention not to return to France with the children.

Here, the child has been enrolled in two different schools during an eighteen month period. The child is still well connected to the grandparents in London, who had been actively involved in locating him. Respondent has not shown that the child has lost his ties with his family in London, England. Further, Respondent's marital situation does not appear well settled. She has remarried but she does not live with her current husband. According to her testimony, she intends to divorce her husband so that she may marry another man.

Further, Respondent should not be able to benefit from using the "now settled exception" in light of her lack of disclosure as to the child's location and her wrongful retention of the child. Antunez-Fernandes v. Connors-Fernandes, 259 F. Supp.2d 800, 815 (2003). Although Respondent represented that she would return with this child on September 6, 2004, she never did return with the child. Respondent stated she would be in Miami, Florida, with the child, but she actually took the child to Santa Fe, New Mexico. Respondent violated the court orders regarding custody of the child, and Respondent refused to disclose the child's whereabouts. According to Respondent's testimony, she understood that she did not have Petitioner's permission to retain the child in the United States. Thus, the Court cannot find that Respondent has proved by preponderance of the evidence her entitlement to the now settled exception.

Consistent with the previous discussion concerning Petitioner's exercise of his custody rights, Respondent has not proved by a preponderance of the evidence that Petitioner consented to or acquiesced in the removal or retention of the child. Petitioner's letter of August 16, 2004 shows that Petitioner released the child's passport for the sole purpose of the two week vacation. Petitioner's immediate application to The English Central Authority on September 9, 2004, three days after the child was to return to England, and his subsequent pursuit of finding the child, establishes that he did not consent to the child remaining in Santa Fe, New Mexico.

Petitioner has met his burden of proof that the removal and retention of Jivan Navani by Respondent was wrongful, and Respondent has not been able to establish any of the narrow defenses to the wrongful removal.[1] The Courts of Great Britain have already heard extensive

---

[1] To the extent that Respondent pursues the first two exceptions under the Hague Convention, the Court finds she has not sustained her burden of proof as to a grave risk that the return of the child would expose the child to physical or psychological harm, or that the return of the child would not be permitted by the fundamental principals of the requested State relating to the protection of human rights and fundamental freedom.

evidence concerning the custody and welfare of the minor child, and the interests of this child will be best served by allowing that legal system determine the appropriate custody arrangements between the parties. Consistent with an agreement reached by the parties on the record in open court, the Court will order the child to be returned to London, England, by June 15, 2006.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the petition, since the Court in Great Britain is the appropriate jurisdiction for determination of the custody of the child. Accordingly, the Court orders that the child must be returned to London, England, by June 15, 2006. The Court will retain the passport of the child until release is necessary for the child's return to London, England.

A motion for attorneys' fees may be filed within 30 days of this ruling.

SO ORDERED this 30th day of March, 2006.

WARREN W. EGINTON, SENIOR UNITED STATES
DISTRICT JUDGE SITTING BY DESIGNATION