IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE THE APPLICATION OF:
JOHN NAVANI,

      Petitioner,

v.                   Civ. No. 06-0191 JCH/LFG

BINA SHAHANI,

      Respondent.

## MEMORANDUM OPINION AND ORDER

  This matter comes before the Court on Petitioner's Motion for Costs and Fees Pursuant to Section 11607(b)(3), filed May 9, 2006 **[Doc. No. 22]**, and Petitioner's Motion for Rule 11 Sanctions, filed May 25, 2006 **[Doc. No. 30]**. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the Motion for Costs and Fees Pursuant to Section 11607(b)(3) will be **GRANTED** and that the Motion for Rule 11 Sanctions will be **DENIED**.

### BACKGROUND

  In its Findings of Fact and Conclusions of Law issued on March 31, 2006, the Court ordered the return of the minor child by June 15, 2006, to London, England pursuant to the Hague Convention of the Civil Aspects of International Child Abduction. In its Findings and Conclusions, the Court indicated that a "motion for attorneys' fees may be filed within 30 days of this ruling." On May 9, 2006, nine days past the Court's deadline, Petitioner filed the Motion for Costs and Fees Pursuant to Section 11607(b)(3).

  On April 14, 2006, Respondent filed a Motion for a New Trial, asking the Court to reconsider

its decision to return the minor child to England. The Court conducted a hearing on the Motion for a New Trial on May 25, 2006. That same day, Petitioner filed a Motion for Rule 11 Sanctions. On May 26, 2006, the Court denied Respondent's Motion for a New Trial.

## DISCUSSION

I.  <u>Motion for Costs and Fees</u>.

Petitioner asks the Court, pursuant to the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601-11610 (1988), to award him reasonable legal fees and court costs, as well as transportation costs, related to the return of the minor child.[1] Section 11607(b)(3) of ICARA provides,

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be completely inappropriate.

42 U.S.C. § 11607(b)(3). Respondent argues that the Court should deny Petitioner's Motion for Costs and Fees because Petitioner failed to comply with the thirty-day time limit for a motion for attorneys' fees set forth in the Court's Findings of Fact and Conclusions of Law.

Admittedly Petitioner's Motion for Costs and Fees is untimely. Respondent, however, has failed to demonstrate, or even allege, that the untimeliness prejudiced her. Accordingly, the Court declines to penalize Petitioner for his untimely submission. Moreover, the Court notes that Section 11607(b)(3) provides that the Court shall order the Respondent to pay feels "unless the respondent

---

[1] ICARA provides procedures for implementing the Hague Convention in the United States.

establishes that such order would be completely inappropriate." *Id.* The fact that the Petitioner's Motion was nine days late does not render fees "completely inappropriate." *Id.*

Petitioner maintains that he is entitled to $24,701.95 in attorneys' fees. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The multiplication of the reasonable number of hours expended by the reasonable hourly rate is referred to as the "lodestar" method. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

In the Affidavit in Support of Attorney's Fees, Petitioner's counsel sets forth the hourly rates of the attorneys and staff who have worked on Petitioner's case. Petitioner's counsel does not provide the Court with any indication that a federal court in the District of New Mexico has awarded the hourly rates represented or otherwise declared the rates reasonable. Petitioner's counsel also does not provide the Court with any information regarding the rates of attorneys of similar experience. In the absence of such information, the Court does not conclude that the hourly rate of $375.00 for David L. Walther, Esq. is reasonable. Rather, an hourly rate of $275.00 is more than reasonable for Mr. Walther. The Court, however, does conclude that the represented hourly rates of $175.00 for Gretchen M. Walther and $100.00 for Amber Mayo are reasonable.

Having reviewed the bills of counsel attached to the Affidavit in Support of Attorney's Fees, the Court concludes that the number of hours expended by Petitioner's counsel were reasonable. Accordingly, the Court awards Petitioner $23,367.57 in attorneys' fees ($24,701.95 requested, minus $1,250.00, which represents the unreasonable portion of Mr. Walther's fee, minus $84.38, which represents the New Mexico gross receipts taxes on the unreasonable portion of Mr. Walther's fee).

3

In addition, the Court awards Petitioner costs, which the Court determines are reasonable, in the amount of $1,020.07. The Court also awards Petitioner transportation costs related to the return of the minor child in the amount of $2,760.80. Finally, the Court awards Petitioner additional reasonable attorneys' fees incurred by Petitioner in preparing the Affidavit in Support of Attorney's Fees and Costs.

II.     Motion for Sanctions.

Petitioner asks the Court to sanction Respondent pursuant to Federal Rule of Civil Procedure 11. Having reviewed the Motion and being otherwise familiar with the record in this case and the law, the Court declines to grant such sanctions.

## CONCLUSION

**IT THEREFORE IS ORDERED** that Petitioner's Motion for Costs and Fees Pursuant to Section 11607(b)(3), filed May 9, 2006 **[Doc. No. 22]** is hereby **GRANTED** as follows:

1.      Petitioner is awarded a total of $27,148.44 in attorneys' fees, court costs, and transportation costs;

2.      The Court awards Petitioner additional reasonable fees and costs related to the filing of the Affidavit in Support of Attorney's Fees and Nontaxable Expenses; Petitioner must submit a separate, supplemental affidavit attesting to the fees and costs incurred in preparing the Affidavit in Support of Attorney's Fees and Nontaxable Expenses; and

3.      If Petitioner intends to seek additional fees and costs related to the return of the minor child, he must file a motion and affidavit concerning such costs *no later than July 17, 2006*.

**IT FURTHER IS ORDERED** that Petitioner's Motion for Rule 11 Sanctions, filed May

25, 2006 **[Doc. No. 30]** is hereby **DENIED**.

Dated this 30th day of May 2006.

                                                       _____
                                                      JUDITH C. HERRERA
                                                      UNITED STATES DISTRICT JUDGE