IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE THE APPLICATION OF:
JOHN NAVANI,

           Petitioner,

v.                                                   Civ. No. 06-0191 JCH/LFG

BINA SHAHANI,

           Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner's Motion for Fees Pursuant to Memorandum Opinion and Order of May 30, 2006, filed July 17, 2006 **[Doc. No. 45]**, and Petitioner's Motion for Costs and Expenses Pursuant to Memorandum Opinion and Order of May 30, 2006, filed July 17, 2006 **[Doc. No. 43]**. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the motions are well taken in part and will be granted in part.

### BACKGROUND

In its Findings of Fact and Conclusions of Law issued on March 31, 2006, the Court ordered the return of the minor child by June 15, 2006, to London, England, pursuant to the Hague Convention of the Civil Aspects of International Child Abduction. On April 14, 2006, Respondent filed a Motion for a New Trial, asking the Court to reconsider its decision to return the minor child to England. The Court conducted a hearing on the Motion for a New Trial on May 25, 2006. On May 26, 2006, the Court denied Respondent's Motion for a New Trial.

On May 30, 2006, the Court entered a Memorandum Opinion and Order granting Petitioner's

Motion for Costs and Fees Pursuant to Section 11607(b)(3).  Specifically, the Court awarded Petitioner a total of $27,148.44 for attorneys' fees, court costs, and transportation costs incurred through April 28, 2006.  The Court also granted Petitioner until July 17, 2006, to file a supplemental motion seeking fees and costs incurred after April 28, 2006.

On June 2, 2006, Respondent filed a Notice of Appeal indicating that Respondent was appealing to the Tenth Circuit the Court's March 31, 2006, Findings of Fact and Conclusions of Law and the Court's May 26, 2006, Memorandum Opinion and Order declining to reconsider its Findings of Facts and Conclusions of Law.

On July 17, 2006, Petitioner timely filed the present motions for attorneys' fees and costs.

## DISCUSSION

Petitioner maintains that under the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601-11610 (1988), he is entitled to an additional $18,934.11 for attorneys' fees incurred after April 28, 2006.[1]  Respondent argues that the Court should deny this request because Petitioner seeks fees incurred in proceedings before the Tenth Circuit Court of Appeals and the United States Supreme Court and the Court has no authority to award fees for matters in other courts.[2]  Respondent further maintains that Mr. Walther's fee of $375.00 per hour is unreasonable.

---

[1] Section 11607(b)(3) of ICARA provides that "[a]ny court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be completely inappropriate."

[2] Respondent also maintains that the Court no longer has jurisdiction over matters on appeal.  Petitioner rightly notes, however, that the only matters on appeal are the Court's Findings of Fact and Conclusions of Law, filed March 31, 2006, and the Court's Memorandum Opinion and Order, filed May 26, 2006.  The Court's May 30, 2006, Memorandum Opinion and Order

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The multiplication of the reasonable number of hours expended by the reasonable hourly rate is referred to as the "lodestar" method. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

In the Second Affidavit in Support of Attorney's Fees, Petitioner's counsel sets forth the hourly rates of the attorneys and staff who have worked on Petitioner's case. Petitioner's counsel does not provide the Court with any indication that a federal court in the District of New Mexico has awarded the hourly rates represented or otherwise declared the rates reasonable. Petitioner's counsel also does not provide the Court with any information regarding the rates of attorneys of similar experience. In the absence of such information, this Court concludes that the hourly rate of $375.00 for David L. Walther, Esq. is not reasonable. *See* May 30, 2006, Mem. Op. & Order. Rather, the Court concludes that an hourly rate of $275.00 is more than reasonable for Mr. Walther. The Court further concludes that the represented hourly rates of $175.00 for Gretchen M. Walther and $100.00 for Amber Mayo and other legal assistants are reasonable.

Having reviewed the bills of counsel attached to the Second Affidavit in Support of Attorney's Fees, the Court finds reasonable the number of hours expended by Petitioner's counsel on matters before this Court. The Court, however, does not believe that Petitioner should be awarded fees for work on matters before other courts. Because the attorneys' bills attached to the

---

regarding attorneys' fees and costs is not on appeal, and the Court therefore retains jurisdiction over the question of fees and costs.

Second Affidavit indicate that Petitioner is seeking reimbursement of fees incurred on matters before other courts, the Court declines to award Petitioner the full $18,934.11 in fees requested and instead awards Petitioner $11,899.79 in attorneys' fees.

The Court's fee award reflects a discount of $390.00, which represents the unreasonable portion of Mr. Walther's fee from the May 2006, bill, as well as a discount of $26.33, which represents the New Mexico gross receipts taxes on the unreasonable portion of Mr. Walther's fee from the May 2006, bill. The Court's fee award also reflects discounts of $5,775.00 (representing 21.3 hours of time spent by Ms. Walther and 20.5 hours of time spent by Ms. Mayo in June for matters before other courts), $399.41 (representing the gross receipts taxes on the fees incurred in June for work in other courts), $415.00 (representing .6 hours spent by Ms. Walther and 3.1 hours spent by Ms. Mayo in July for matters before other courts), and $28.58 (representing the gross receipts taxes on the fees incurred in July for work in other courts).

II.     Motion for Costs.

Petitioner maintains that he reasonably incurred $8,942.16 in costs. The Court concludes that $7,731.76 of Petitioner's requested costs were reasonably incurred, and that Petitioner therefore is entitled to recover this amount.

Specifically, the Court concludes that the $824.73 in expenses incurred by Petitioner for courier services, federal express fees, transcript fees, deposition fees, and copy and binding fees were reasonable. The Court likewise concludes that the $1,821.17 in hotel expenses, $159.22 in vehicle rental expenses, $50.00 in gasoline expenses, and $500.00 in food expenses were reasonable. The Court therefore awards Petitioner $3,355.12 to reimburse him for these expenses.

The Court also awards Petitioner $1,426.46 to cover costs incurred to hire a private

4

investigator to conduct surveillance on the minor child in the days immediately prior to the deadline on which Respondent was to return the child to Petitioner.  Petitioner maintains that Sergeant Norris of the Santa Fe Police Department recommended such surveillance due to the fact that Respondent was an extreme flight risk.  Respondent claims that these costs were "not just unnecessary but outrageous."  Respondent has demonstrated that she is a proven flight risk.  Accordingly, the Court concludes that Petitioner necessarily and reasonably incurred these private investigator costs.

The Court, however, declines to award Petitioner the $2,240.18 sought for airfare from London to Albuquerque and the $2,745.13 sought for airfare from Albuquerque to London.  With respect to the London/Albuquerque airfare, Petitioner seeks reimbursement for his airfare plus the airfare of another family member.  The Court therefore awards Petitioner $1,120.09, or one-half of the requested amount, for airfare from London to Albuquerque.  With respect to the Albuquerque/London airfare, Petitioner seeks reimbursement not only for his airfare and that of the minor child, but also for the airfare of another family member.  The Court therefore awards Petitioner $1,830.09, or two-thirds of the amount sought, for airfare from Albuquerque to London.

## CONCLUSION

For the reasons stated herein, **IT THEREFORE IS ORDERED** that Petitioner's Motion for Fees Pursuant to Memorandum Opinion and Order of May 30, 2006, filed July 17, 2006 **[Doc. No. 45]**, and Petitioner's Motion for Costs and Expenses Pursuant to Memorandum Opinion and Order of May 30, 2006, filed July 17, 2006 **[Doc. No. 43]**, are hereby **GRANTED IN PART** as follows:

1. The Court awards Petitioner a total of $11,899.79 in attorneys' fees;

2. The Court awards Petitioner a total of $7,731.76 in costs; and

5

3.      The Court awards Petitioner additional reasonable attorneys' fees and costs related to the filing of the Second Affidavit in Support of Attorney's Fees and Second Affidavit in Support of Costs and Expenses; to recover these fees and costs, Petitioner must submit a separate, supplemental affidavit attesting to the fees and costs reasonably incurred *no later than* December 15, 2006.

Dated this 5th day of December 2006.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE